UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIRAS (JASON) YALDO,

       Plaintiff,                     Case No. 2:15-cv-13388
                                          Judge Gershwin Drain
v.                                         Magistrate Judge Anthony P. Patti

WAYNE STATE
UNIVERSITY, et al.,

       Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DE 58)**

Currently before the Court is Plaintiff's October 12, 2016 motion to compel Defendant Wayne State University ("Defendant") to respond to interrogatories and requests for production of documents. (DE 58.) Judge Drain referred the motion to me on October 13, 2016 (DE 59) and the next day I issued a notice setting the matter for a hearing on November 7, 2016 (DE 60), then issued an amended notice setting the matter for hearing on November 21, 2016. (DE 61.)

On November 1, 2016, Judge Drain issued a stipulated order giving Defendant an extension of time to respond to the motion so the parties could have additional time to attempt to resolve their disputes amicably. (DE 62.) On November 17, 2016 I issued a stipulated order rescheduling the hearing for

December 9, 2016, in order to again give the parties additional time to attempt to resolve their disputes.  (DE 63.)

Plaintiff filed a supplemental brief on December 2, 2016, which stated that Plaintiff had agreed to withdraw some aspects of the motion to compel.  (DE 66.)  Defendant filed its response on December 7, 2016.  (DE 67.)  The parties did not file a joint statement of unresolved issues, as is required by my Practice Guidelines.

On the date set for hearing, attorney Peter Camps appeared on Plaintiff's behalf, and attorney Brett Miller appeared on behalf of Defendant.  Consistent with my findings and reasoning stated on the record, which are hereby incorporated by this order as though restated herein, Plaintiff's October 12, 2016 motion to compel (DE 58) is **GRANTED IN PART AND DENIED IN PART** as follows:

At the beginning of the hearing, the Court addressed two overarching concerns.  First, the fact that Plaintiff propounded forty-seven interrogatories, significantly more than the twenty-five allotted under Fed. R. Civ. P. 33(a)(1).  Second, whether Defendant waived all defenses or objections to Plaintiff's discovery requests by virtue of not responding timely.

Regarding the excess number of interrogatories, in response to questioning by the Court, Plaintiff's counsel stipulated to Defendant being required to respond to only twenty-five interrogatories, as per Fed. R. Civ. P. 33(a)(1).  By agreement,

Plaintiff's interrogatory no. 17 was withdrawn and interrogatory no. 30 was substituted therefore, leaving the operative interrogatories as 1-16, 18-25 and 30. Accordingly, the motion to compel responses interrogatories 26-47, with the exception of number 30, is **DENIED AS MOOT.**

As to Defendant's tardy responses, upon question from the Court, counsel agreed that in light of the parties prior agreements, Defendant had responded a mere one day late to the interrogatories and roughly only one week late to the requests for production of documents.  Counsel agreed that Defendant's responses were voluminous, totaling roughly 1,800 pages.  When asked about what prejudice Plaintiff suffered from the slightly tardy responses, Plaintiff only mentioned a purported delay in beginning depositions; however, depositions did not begin until November.  Thus, given the only slightly tardy nature of the responses, Plaintiff's lack of demonstrable prejudice stemming therefrom and the voluminous and repetitive nature of the discovery requests, the Court rejected Plaintiff's contention that Defendant's belated response served to waive all defenses and objections to the discovery requests at issue.  Therefore, the motion to compel is **DENIED** to the extent that it asks the Court to hold otherwise.

Having resolved those two issues, the Court reminded the parties that they had not complied with the relevant Practice Guidelines by submitting a joint statement of unresolved issues.  The Court thus recessed and directed the parties to

confer anew regarding whether any issues in the motion to compel could be amicably resolved in light of the Court's Practice Guidelines and the standards of Rule 26(b)(1).

After the recess, counsel informed the Court that they had agreed to resolve most aspects of the motion to compel, and that agreement was placed on the record by counsel via oral stipulation. Pursuant to the stipulation, only Defendant's response to interrogatory no. 20 and request for production no. 31 remained for a ruling by the Court. All other aspects of the motion to compel are **DENIED AS MOOT**. The parties shall abide by the stipulations placed on the record.

### Request for Production 31

Request for Production 31 asks Defendant to provide a photo of Plaintiff posted at security desk(s), potentially with derogatory comments written thereon. The Court finds this request for production may lead to obtaining information related to Plaintiff's claims, particularly his intentional infliction of emotional distress Elliot-Larsen claims. Moreover, the burden upon Defendant to fulfill this request is minimal and it is proportional to the needs of the case. Therefore, the motion to require Defendant to respond to Request for Production 31 is **GRANTED**. Defendant shall produce the requested photo/photos by the beginning of Plaintiff's deposition on December 15, 2015 (provided Defendant possesses any photo(s) responsive to the request).

**Interrogatory 20**

Interrogatory no. 20 asks Defendant to provide findings and violations cited by the Liaison Committee on Medical Education in a March 2015 visit to Wayne State University. The Court finds Defendant's objection to be well taken as the interrogatory is overbroad in that Plaintiff's claims relate to his dismissal and he has not brought claims of an institutional bias by Defendant against Iraqi born Chaldeans. Thus, this portion of the motion to compel is **DENIED**. However, the Court directs Defendant's counsel to examine the report again to ensure that it does not pertain to dismissal of students for ethnic reasons, and to submit a supplemental response regarding that examination by the beginning of Plaintiff's deposition on December 15, 2016. If, upon review, any portions of the report do pertain to dismissal of students for ethnicity-based reasons, Defendant shall provide those portions of the report to Plaintiff by December 15, 2016, after having made any proper redactions.

The Court declines to award expenses or fees to either party as neither party obtained complete relief and each presented good faith arguments which necessitated rulings by the Court, and other circumstances of record make an award of expenses or fees unjust.

**IT IS SO ORDERED.**

Dated:  December 9, 2016                     s/ Anthony P. Patti
                                             Anthony P. Patti
                                             UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on December 9, 2016, electronically and/or by U.S. Mail.

                                             s/Michael Williams
                                             Case Manager for the
                                             Honorable Anthony P. Patti